IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00319-BNB

ROBERT WILLIAM HILL,

      Plaintiff,

v.

DENNIS JAMES HALL, Jefferson County Combined Court, Division # 5,
ATTORNEY AMBER ST. CLAIR, State of Colorado Alternate Defense Counsel,
PROBATION OFFICER CARA WAGNER, Jefferson County Department of Probation,
JOHN DOE, Jefferson County Collections Department,
DISTRICT ATTORNEY TIM LANE, State of Colorado Jefferson County Office of the
District Attorney, and
JOHN DOE AND JANE DOE 1-10,
All Named Defendants Sued in their Official and Individual Capacities,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Robert William Hill, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Sterling

Correctional Facility in Sterling, Colorado.

The Court must construe Mr. Hill's filings liberally because he is representing

himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hill will

be directed to file an amended complaint.

It is not clear how many claims for relief Mr. Hill is asserting. His Complaint

consists of 32 numbered paragraphs, which are not organized in any recognizable

format.  Mr. Hill asserts, ***inter alia***, that the state court which convicted him lacked

jurisdiction, the probation department caused his unemployment wages to be

garnished, the named Defendants have created a "debtors prison" in Colorado, Plaintiff

is mentally ill and the probation department took advantage of his disability, the named

Defendants have conspired to send him to prison, Plaintiff's restitution was discharged

but Plaintiff is still required to pay restitution, and the named Defendants maliciously

and wrongfully prosecuted him.  As relief, he seeks damages and injunctive relief.

First, to the extent Mr. Hill may seek to challenge his criminal conviction or obtain

his release from incarceration, his sole federal remedy is a writ of habeas corpus after

he has exhausted state court remedies.  ***See Preiser v. Rodriguez***, 411 U.S. 475, 504

(1973).  The Court will not consider the merits of any habeas corpus claims in this civil

rights action.

Second, Mr. Hill's complaint fails to comply with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to

give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show

that the plaintiff is entitled to relief.  ***See Monument Builders of Greater Kansas City,***

***Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  ***See TV***

***Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo.

1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

2

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Hill to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Hill fails to set forth a short and plain statement of his claims showing he is entitled to relief. His claims are repetitive, confusing, and conclusory. Mr. Hill provides an extended and unnecessary discussion of insignificant details and legal argument in support of his claims instead of providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Hill's must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Hill will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  In the amended complaint, Mr. Hill must allege, simply and concisely, his specific claims for relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Further, Defendant state court judge Dennis James Hall is absolutely immune from a civil rights suit for money damages for actions taken in his judicial capacity, unless he acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Mr. Hill does not allege any facts to show that Defendant Judge Hall acted outside of his judicial capacity.

Defendant Jefferson County Deputy District Attorney Tim Lane also enjoys absolute immunity from suit for damages under 42 U.S.C. § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).

Finally, Mr. Hill must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Hill must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703

4

F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Hill, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating the personal involvement of named defendant in the asserted violations.  Accordingly, it is

ORDERED that Plaintiff, Robert William Hill, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hill, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Hill fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 26, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00319-BNB

Robert William Hill
Prisoner No.  151787
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

       I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 26, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____

                                           Deputy Clerk